IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                         No. CR 20-1486 KG

TYSON LEE TERRELL, et al.,

    Defendant.

<u>ORDER ON MOTION FOR BILL OF PARTICULARS</u>

This matter is before the Court on Defendant Tyson Lee Terrell's Motion for Bill of Particulars (Motion), filed June 14, 2021. (Doc. 115). Mr. Terrell's Motion is now fully and timely briefed. *See* (Doc. 121, Response). Having considered the parties' briefing, the record in the case, and the relevant law, the Court denies Mr. Terrell's Motion.

I.    *Background*

On April 7, 2021, a Superceding Indictment was filed charging Mr. Terrell and co-defendants, Stetson Barnes, Donald Alfred Busch, and Jehra Lynn Hedgecock for alleged criminal conduct occurring in May 27, 28, and 29, 2019. (Doc. 93). Specifically, the Grand Jury charged in Count 1, Conspiracy to Commit Carjacking in violation of 18 U.S.C. § 371 (all defendants); Count 2, of Carjacking Resulting in Death in violation of 18 U.S.C. §§ 2119(3) and 2 (all defendants); Counts 3 and 4, Using, Carrying, and Brandishing a Firearm During and in Relation to a Crime of Violence; and Possessing and Brandishing a Firearm in Furtherance of Such Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Hedgecock and Busch); Count 5, Using, Carrying and Brandishing a Firearm During and in Relation to a Crime of Violence; Possessing and Brandishing a Firearm in Furtherance of Such Crime; Discharging Said Firearm;

and Causing Death Through Use or Possession of a Firearm, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), (iii), and 924(j)(1) (Barnes); and Counts 6 and 7, Felon in Possession of a Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (Barnes and Busch respectively). *Id.*

In support of the conspiracy charge, the indictment alleges Mr. Terrell and co-defendants committed eleven overt acts in Eddy County, New Mexico. (Doc. 51) at 2-4. Specifically, the indictment alleges,

### Overt Act 1

From on or about May 27, 2019 and continuing to on or about May 28, 2019, Stetson Barnes, Donald Alfred Busch, Jehra Lynn Hedgecock, and Tyson Terrell were at a mobile home on a property shared by Stetson Barnes and Tyson Terrell when Donald Alfred Busch solicited the assistance of Stetson Barnes, Jehra Lynn Hedgecock, and Tyson Terrell in going to J.S.'s home to physically assault J.S. and take one of J.S.'s motorcycles;

### Overt Act 2

From on or about May 27, 2019 and continuing to on or about May 28, 2019, while she was meeting with Stetson Barnes, Donald Alfred Busch, and Tyson Terrell, Jehra Lynn Hedgecock agreed to use her truck to transport the motorcycle that the group intended to take from J.S;

### Overt Act 3

On or about May 28, 2019, Jehra Lynn Hedgecock drove Stetson Barnes, Donald Alfred Busch, and Tyson Terrell to J.S.'s home where they intended to physically assault J.S. and take one of J.S.'s motorcycles;

### Overt Act 4

On or about May 28, 2019, Jehra Lynn Hedgecock knocked on the front door of J.S.'s home in an attempt to draw J.S. out of his home;

### Overt Act 5

On or about May 28, 2019, Donald Alfred Busch located the motorcycle he intended to take under J.S.'s carport and began the process of pushing the motorcycle off of J.S.'s property;

2

Overt Act 6

On or about May 28, 2019, Stetson Barnes, Jehra Lynn Hedgecock, and Donald Alfred Busch each pointed a firearm at J.S. when J.S. emerged from his home;

Overt Act 7

On or about May 28, 2019, Tyson Terrell unsuccessfully attempted to jumpstart a different motorcycle while standing under J.S.'s carport;

Overt Act 8

On or about May 28, 2019, after Stetson Barnes, Jehra Lynn Hedgecock, and Donald Alfred Busch pointed their firearms at J.S., Jehra Lynn Hedgecock got into the driver's seat of her truck, Tyson Terrell got into the front passenger seat of Jehra Lynn Hedgecock's truck, Stetson Barnes got into the back seat of Jehra Lynn Hedgecock's truck, and Donald Alfred Busch pushed the stolen motorcycle off of J.S.'s property;

Overt Act 9

On or about May 28, 2019, as Jehra Lynn Hedgecock was driving her truck away from J.S.'s home, Stetson Barnes fired multiple rounds of ammunition from the back seat of Jehra Lynn Hedgecock's truck into J.S.'s home. One of those rounds of ammunition struck and killed J.S;

Overt Act 10

On or about May 28, 2019, Jehra Lynn Hedgecock stopped her truck on the side of the road so that Stetson Barnes and Tyson Terrell could assist Donald Alfred Busch in loading the stolen motorcycle into the bed of Jehra Lynn Hedgecock's truck;

Overt Act 11

On or about May 28, 2019, after the stolen motorcycle was loaded into the bed of her truck by Stetson Barnes, Donald Alfred Busch, and Tyson Terrell, Jehra Lynn Hedgecock drove Stetson Barnes, Donald Alfred Busch, and Tyson Terrell back to Stetson Barnes' mobile home. In violation of 18 U.S.C. § 371.

*Id.*

II. *The Motion*

Mr. Terrell now argues the Superceding Indictment "leaves [him] entirely in the dark as to what he allegedly did in Count 1 that would prove that he intentionally and knowingly joined

3

a conspiracy to commit carjacking by force, violence or intimidation and what he did in Count 2 to show he had the specific intent to commit carjacking by force, violence, intimidation, and to cause death and serious bodily harm." (Doc. 115) at 4. He asks for a bill of particular as to these two counts in the Superceding Indictment.

In response, the United States contends it "has fully complied with its disclosure obligations in this case and Defendant's motion acknowledges his receipt of 'voluminous discovery materials,'" and that "the information Defendant seeks is already in his possession and it is his responsibility to utilize that discovery to prepare his defense." (Doc. 121) at 4.

Rather, the United States asserts Mr. Terrell "is attempting to impermissibly use his Motion as a discovery device and for a preview of the United States' legal theories. As such, the United States urges the Court to deny Mr. Terrell's Motion. *Id.* at 5.

*III.  Discussion*

Federal Rule of Criminal Procedure 7(c)(1) requires the United States to produce an indictment that alleges "a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Rule 7(f) further provides that "[t]he defendant may move for a bill of particulars[.]" The Court may grant a defendant's request for a bill of particulars to aid in "inform[ing] the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial," "avoid[ing] or minimiz[ing] the danger of surprise at [the] time of trial," or "enabl[ing] [the defendant] to plead his acquittal or conviction in bar of another prosecution for the same offense[.]" *Wyatt v. United States*, 388 F.2d 395, 397 (10th Cir. 1968) (internal quotation omitted).

However, a detailed indictment, coupled with full discovery, may avert the need for a bill of particulars. *United States v. Kunzman*, 54 F.3d 1522, 1526 (10th Cir. 1995) (affirming denial

4

of motion for bill of particulars where defendant was *inter alia* "provided with full discovery of the government's materials prior to trial"). Indeed, so long as the defendant is apprised of "the theory of the government's case, the district court does not abuse its discretion in denying [the] defendant's motion for a bill of particulars. . . ." *United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992) (internal quotations and brackets omitted); *see also United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988) (holding indictment need not "allege in detail the factual proof that will be relied upon to support the charges") (internal quotations omitted). The district court has discretion in determining whether a bill of particulars is necessary to effectuate proper notice to the defendant. *Levine*, 983 F.2d at 166 (holding "[t]he denial of a motion for a bill of particulars is left to the district court's discretion").

*A. Analysis*

The Superceding Indictment alleges Mr. Terrell and co-defendants committed the charged offenses on or about May 27, 28, and 29, 2019, as well as "May 27, 2019, and continuing to on or about May 28, 2019[.]" (Doc. 93). The indictment further alleges the charged conduct occurred in Eddy County, New Mexico. *Id.* The indictment specifically charges overt acts alleging that Mr. Terrell's and co-defendants went to J.S.'s home to physically assault J.S. to take one of J.S.'s motorcycles; that they agreed to use Hedgecock's truck to transport the motorcycle; they intended to physically assault J.S. to take one of J.S.'s motorcycles; that Hedgecock knocked on J.S.'s front door to draw J.S. out of his home; that Busch located the motorcycle he intended to take from J.S. located under a carport and began to push it off J.S.'s property; that Barnes, Hedgecock and Busch pointed a firearm at J.S. when J.S. emerged from his home; that Terrell unsuccessfully attempted to jumpstart a different motorcycle while under J.S.'s carport; that Barnes, Hedgecock and Busch pointed their firearms

5

at J.S.; Hedgecock got into the driver's seat of her truck; Terrell got into the front passenger seat and Barnes got into the back seat, and Busch pushed the stolen motorcycle off J.S.'s property; that as Hedgecock drove away, Barnes fired multiple rounds of ammunition from the back seat of the truck into J.S.'s home, one round struck and killed J.S.; that Hedgecock stopped her truck on the side of the road so Barnes and Terrell could assist Busch load the stolen motorcycle into the bed of Hedgecock's truck; and that after the motorcycle was loaded into the truck, Hedgecock drove Barnes, Busch and Terrell to Barnes' mobile home.

In reviewing these allegations within the purview of the controlling law, the Court concludes that the indictment describes the charged conduct in sufficient detail. Indeed, the indictment identifies specific dates, places, and persons involved in the charged conduct. *See Kunzman*, 54 F.3d at 1526 (affirming district court's denial of motion for bill of particulars because "indictment described the defendants' scheme in detail and provided dates, places and the persons involved in various transactions"). The Superceding Indictment leaves no question as to "the nature of the charge[s] against [Mr. Terrell]" and plainly "avoid[s] or minimize[s] the danger of surprise at [the] time of trial." *See Wyatt*, 388 F.2d at 398.

Moreover, the Court also notes and Mr. Terrell agrees that the United States has provided voluminous discovery to supplement the allegations set forth in the indictment. (Doc. 121). The ample discovery produced, coupled with the details alleged in the indictment as set forth above, obviates the need for a bill of particulars. *See Dunn*, 841 F.2d at 1029 (affirming the district court's denial of defendant's motion for bill of particulars explaining, "[a] bill of particulars ... is not a discovery device...") (internal citation omitted). The Court finds Mr. Terrell's Motion unpersuasive.

IT IS, THEREFORE, ORDERED that Mr. Terrell's Motion for Bill of Particulars (Doc. 115) is denied.

_____
UNITED STATES DISTRICT JUDGE