IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                          No. CR 20-1486 KG

STETSON SHANE BARNES,
DONALD ALFRED BUSCH, and
TYSON LEE TERRELL,

      Defendants.

<u>ORDER</u>

      This matter comes before the Court on the oral motions for directed verdict, pursuant to Federal Rule of Criminal Procedure 29, made by Defendants Stetson Shane Barnes, Donald Alfred Busch, and Tyson Lee Terrell at the close of the United States' case-in-chief on November 8, 2021.  The Court heard argument from Defendants and the United States, and took the matter under advisement.  Having consider the argument of counsel, the trial testimony, admitted exhibits, reasonable inferences from the evidence at trial, the cases cited by counsel, and the applicable law, the Court denies the motions for directed verdict at this time.

      In deciding a Rule 29 motion, the Court must view all evidence and draw all reasonable inferences in the light most favorable to the government to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Evans*, 318 F.3d 1011, 1018 (10th Cir. 2003) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  That is, the Court must "determine whether the evidence, if believed, would establish each element of the crime." *Id.* at 1081 (citing *United States v. Vallo*, 238 F.3d 1242, 1246-47 (10th Cir. 2001)).  The Court, however, does not consider "the credibility of witnesses and weigh[] the evidence as thirteenth juror." *United States v. Ortiz-Ortiz*, 57 F.3d 892, 894

(10th Cir. 1995). Accordingly, the evidence necessary to support a verdict "need not conclusively establish every other reasonable hypothesis and need not negate all possibilities except guilt." *United States v. Wilson*, 182 F.3d 737, 742 (10th Cir. 1999) (quoting *United States v. Parrish*, 925 F.2d 1293, 1297 (10th Cir. 1991)).

The Court considers each count of the Superseding Indictment and each Defendant individually. In conducting its analysis, the Court does not, and need not, evaluate every piece of evidence tending to support or undermine the United States' position. Rather, it is enough that a rational factfinder could find proof beyond a reasonable doubt in the evidence offered in the government's case-in-chief.

    1. *Defendant Stetson Shane Barnes*

Defendant Barnes is charged with one count of Conspiracy to Commit Carjacking in violation of 18 U.S.C. § 371; one count of Carjacking Resulting in Death, aiding and abetting, in violation of 18 U.S.C. §§ 2119(3) and 2; one count of Brandishing and Discharging a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), (iii), and 924(j)(1); and one count of being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924. Defendant Barnes did not move for a directed verdict with respect to the felon in possession charge. For the reasons explained herein, the Court denies Defendant Barnes' Rule 29 motion.

    A. *Count 1: Conspiracy to Commit Carjacking*

Viewing the evidence and all reasonable inferences therefrom in the light most favorable to the United States, the Court determines that a rational trier of fact could find the essential elements, beyond a reasonable doubt, necessary to convict Defendant Barnes of Count 1, Conspiracy to Commit Carjacking.

To convict Defendant Barnes of this crime, the United States must prove:

First, the Defendant agreed with at least one other person to violate the law;
Second, one of the conspirators engaged in at least one overt act furthering the conspiracy's objective;
Third, the Defendant knew the essential objective of the conspiracy;
Fourth, the Defendant knowingly and voluntarily participated in the conspiracy; and
Fifth, there was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged.

Tenth Circuit Crim. Pattern Jury Instr. 2.19.[1]

As to the first element, Jehra Hedgecock testified that Defendant Busch came to Defendant Terrell's residence, where Hedgecock, Terrell, and Barnes were socializing, and stated that he wanted to "punk" J.S. and "jack" his bike.  According to Hedgecock, Defendant Barnes stated that he would "roll with" Busch to "punk" J.S. and "jack" J.S.'s bike.  Defendant Barnes got in the truck with Hedgecock, Terrell, and Busch, and the four of them went to J.S.'s residence.  Viewed in the light most favorable to the government, and drawing the reasonable inference from Defendant Barnes' statement and conduct that he agreed to assist Defendant Busch in harming J.S. and "jacking" J.S.'s bike, a rational trier of fact could find, beyond a reasonable doubt, that Defendant Barnes agreed with at least Busch to violate the law by carjacking J.S. for a motorcycle.

With respect to overt acts in furtherance of the conspiracy, it is undisputed that Defendant Barnes went with Busch, Terrell, and Hedgecock to J.S.'s residence and brought a firearm with him.  Under the standard for a Rule 29 motion, a rational trier of fact could find, beyond a

---

[1] For purposes of resolving the Rule 29 motions, the Court refers to the Tenth Circuit Criminal Pattern Jury Instructions for the elements of the charged offenses.  Should the case proceed to verdict, these same instructions will guide the jury's deliberations.

3

reasonable doubt, that these actions constitute overt acts in furtherance of the carjacking conspiracy.

A rational trier of fact could infer that Defendant Barnes knew the essential objective of the conspiracy, that is, to carjack a motorcycle from J.S., based on his agreement to "roll with" Busch to "punk" J.S. and "jack" his bike.  Moreover, the rational trier of fact could find that Defendant Barnes knowingly and voluntarily participated in the conspiracy based on his conduct, specifically that he got in Hedgecock's truck and went to J.S.'s residence with the group while armed with a firearm, that he stood behind Hedgecock's truck in a defensive position during the carjacking, and that he ultimately assisted Busch in getting the motorcycle into Hedgecock's truck.  Thus, the third and fourth elements are satisfied for purposes of Rule 29.

As for the fifth element, interdependence, a rational trier of fact could infer from Defendant Barnes' conduct, described above, and his agreement to "roll with" Busch that Defendant Barnes, Busch, Hedgecock, and Terrell intended to act together for their shared mutual benefit with respect to the conspiracy to carjack J.S. for a motorcycle.

Because a rational factfinder could find that the United States established each element of the conspiracy beyond a reasonable doubt, the Court denies Defendant Barnes' Rule 29 motion as to Count 1.

B. *Count 2: Carjacking Resulting in Death*

Similarly, a rational trier of fact could find, beyond a reasonable doubt, that Defendant Barnes committed a carjacking resulting in death, as charged in Count 2.  Here, the United States must prove:

> First, the Defendant took a Yamaha motorcycle from the presence of another person;
> Second, the Defendant did so by mean of force and violence, or intimidation;

4

Third, the motor vehicle had been transported, shipped, and received in interstate
or foreign commerce;
Fourth, the Defendant intended to cause death or seriously bodily harm; and
Fifth, someone died as a result of the crime.

Tenth Circuit Crim. Pattern Jury Instr. 2.79.  The government could also prove Defendant Barnes

guilty through an aiding and abetting theory.  Under that theory, the United States must prove:

First: someone else committed the charged crime; and
Second: the Defendant intentionally associated himself in some way with the crime
and intentionally participated in it as he would in something he wished to bring
about. This means that the United States must prove that the Defendant consciously
shared the other person's knowledge of the underlying criminal act and intended to
help him.

Tenth Circuit Crim. Pattern Jury Instr. 2.06.

In order to resolve this motion, the Court considers whether a rational trier of fact could

reasonably convict Defendant Barnes of Count 2, Aiding and Abetting.  The Court determines

that a rational trier of fact could so find.

It is undisputed that Busch selected and removed a Yamaha motorcycle from the carport

next to J.S.'s residence and in fact removed that motorcycle from the premises.  Video evidence,

and the reasonable inferences therefrom, show that Defendant Barnes, Hedgecock, and Busch

drew their guns on J.S. when J.S. confronted them and while Busch was removing the

motorcycle.  Drawing guns on J.S. could reasonably be considered intimidation used to remove

the Yamaha motorcycle from J.S.'s presence.  This satisfies the first two elements.

The rational trier of fact could further find that Busch, Hedgecock, and Defendant Barnes

intended to cause death or serious bodily harm to J.S. because they brought guns with them to

J.S.'s property at nearly 1 o'clock in the morning.  This satisfies the fourth element.

As for the fifth element, Hedgecock testified that Barnes fired his gun at J.S.'s residence

during the carjacking, and that no one else involved in the carjacking discharged his or her

5

firearm.  Tristyn Carlo, the eyewitness, testified that J.S. died after shots were fired from

Hedgecock's vehicle toward the J.S. residence.  Crime Scene Investigator Clint Norris and

Medical Investigator Dr. Lauren Decker testified that J.S. died as a result of a gunshot wound.

Accordingly, a rational factfinder could determine that J.S. died as a result of the carjacking.

Ray Gutierrez, a person with knowledge of Yamaha's recordkeeping, testified that the

motorcycle at issue was manufactured in Japan and originally sold to a consumer in

Pennsylvania.  Therefore, the rational factfinder could find beyond a reasonable doubt that the

United States proved the interstate nexus required by the third element.

For these reasons, the rational factfinder could find, beyond a reasonable doubt, that

Defendant Barnes is guilty of Count 2.  Accordingly, the Court denies Defendant Barnes' Rule

29 motion as to Count 2.

### C.  *Count 5a: Discharging a Firearm During and in Relation to a Crime of Violence*

Count 5, though styled as one count, describes two separate offenses: discharging a

firearm during and in relation to a crime of violence, a violation of 18 U.S.C. § 924(c)(1), and

causing the death of another person through the use or possession of a firearm during and in

relation to a crime of violence, a violation of 18 U.S.C. § 924(j)(1).  The Court treats each sub-

offense individually.

To find Barnes guilty of Count 5a, Discharging a Firearm During and in Relation to a

Crime of Violence, the United States must prove that Defendant Barnes committed the crime of

Carjacking Resulting in Death, which is a crime of violence; he used or carried a firearm during

and in relation to that crime; and the firearm was discharged, even accidentally.  *See* Tenth

Circuit Crim. Pattern Jury Instr. 2.45; *United States v. Dean*, 556 U.S. 568 (2009) (holding

accidental discharge of firearm in connection with crime of violence gives rise to sentencing

enhancement under 18 U.S.C. § 924(c)).  For purposes of this offense

> The phrase "during and in relation to" means that the firearm played an integral part in the underlying crime, that it had a role in, facilitated (*i.e.*, made easier), or had the potential of facilitating the underlying crime.
> A defendant knowingly "uses" a firearm when it (1) is readily accessible and (2) is actively employed during and in relation to the underlying crime.
> A defendant knowingly "carries" a firearm when he (1) possesses the firearm through the exercise of ownership or control and (2) transports or moves the firearm from one place to another.

Tenth Circuit Crim. Pattern Jury Instr. 2.45.

For the reasons described above, with respect to Count 2, the rational factfinder could

find that Defendant Barnes committed the crime of Carjacking Resulting in Death.  The security

camera footage from J.S.'s residence shows that Defendant Barnes drew his firearm and pointed

it at J.S.  The factfinder could find that Defendant Barnes "used" the firearm because it was

readily accessible, in his waistband, and was actively employed during the carjacking when

Defendant Barnes pointed the gun at J.S.  The rational factfinder could further find that the

firearm played an integral role in the carjacking by intimidating J.S. and facilitating the taking of

the motorcycle.  Finally, Hedgecock testified that Defendant Barnes discharged his firearm.

For these reasons, a rational factfinder could find that the United States established each

element of Count 5a beyond a reasonable doubt.  Accordingly, Defendant Barnes' Rule 29

motion is denied as to Count 5a.

> D. *Count 5b: Causing the Death of Another Person through the Use or Possession of a Firearm During and in Relation to a Crime of Violence*

To find Barnes guilty of Count 5, Causing the Death of Another Person through the Use

or Possession of a Firearm During and in Relation to a Crime of Violence, the United States must

prove that Barnes committed the offense of using a firearm during and in relation to a crime of

violence, as discussed *supra*. The United States must then show that Defendant Barnes caused the death of J.S. through the use of a firearm, and that killing is a murder within the meaning of 18 U.S.C. § 1111. To satisfy this burden, the United States must prove: 1) the Defendant committed Carjacking Resulting in Death, as charged in Count 2; 2) the Defendant violated 18 U.S.C. § 924(c), as discussed above; 3) the Defendant caused the death of J.S. through the use of the firearm; 4) the death of J.S. occurred as a consequence of, and while the Defendant was engaged in committing Carjacking Resulting in Death; and 5) the killing took place within the territorial jurisdiction of the United States.

The rational factfinder could find Defendant Barnes guilty of Counts 2 and 5a, as discussed above, and this finding would satisfy elements 1 and 2. As to the third element, the rational factfinder could find Barnes caused the death of J.S. through the use of a firearm based on Hedgecock's testimony that Defendant Barnes was the only person to fire his gun toward J.S.'s residence, Carlo's testimony that J.S. died as Hedgecock's vehicle was departing, and Dr. Decker's testimony that J.S. died from a gunshot to the head. The rational factfinder could further determine that J.S.'s death occurred as a consequence of and while Defendant Barnes was engaged in the carjacking based on video evidence that Defendant Barnes discharged his firearm prior picking up Busch and the motorcycle, and thus the carjacking remained ongoing. Finally, it is undisputed that the events in question occurred in Eddy County, New Mexico, which is within the territorial jurisdiction of the United States.

For these reasons, the rational factfinder could find that the United States proved, beyond a reasonable doubt, each element necessary to find Defendant Barnes guilty of Count 5b. Accordingly, the Court denies Defendant Barnes' Rule 29 motion on this point.

2.    *Defendant Donald Alfred Busch*

Defendant Busch is charged with one count of Conspiracy to Commit Carjacking in violation of 18 U.S.C. § 371; one count of Carjacking Resulting in Death, aiding and abetting, in violation of 18 U.S.C. §§ 2119(3) and 2; one count of Brandishing a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii); and one count of being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924.[2]  For the reasons explained herein, the Court denies Defendant Busch's Rule 29 motion.

A.  *Count 1: Conspiracy to Commit Carjacking*

A rational factfinder could find Defendant Busch guilty, beyond a reasonable doubt, of conspiracy to commit carjacking on the basis of Hedgecock's testimony that Defendant Busch came to Defendant Terrell's residence, where Hedgecock, Terrell, and Barnes were socializing, and stated that he wanted to "punk" J.S. and "jack" his bike.  According to Hedgecock, Defendant Busch asked for assistance in getting the bike and "punking" J.S.   Barnes stated that he would "roll with" Defendant Busch to "punk" J.S. and "jack" J.S.'s bike, and Hedgecock and Terrell also agreed to go.  Barnes, Terrell, and Defendant Busch got in the truck with Hedgecock, and the four of them went to J.S.'s residence.  Viewed in the light most favorable to the government, and drawing the reasonable inference from Barnes' statement and conduct that he agreed to assist Defendant Busch in harming J.S. and "jacking" J.S.'s bike, a rational trier of fact could find, beyond a reasonable doubt, that Defendant Busch agreed with at least Barnes to violate the law by carjacking J.S. for a motorcycle.

---

[2] For the sake of brevity, the Court will not repeat the elements of Conspiracy to Commit Carjacking (Count 1) and Carjacking Resulting in Death (Count 2) with respect to Defendant Busch or Defendant Terrell.  The elements are the same as those discussed *supra* in sections 1(A) and 1(B).

With respect to overt acts in furtherance of the conspiracy, it is undisputed that Defendant Busch went with Barnes, Terrell, and Hedgecock to J.S.'s residence.  Video evidence suggests, and the rational factfinder could infer, that Defendant Busch brought a firearm with him.  Finally, video evidence shows that Defendant Busch in fact selected a motorcycle, attempted to kickstart it, and walked the motorcycle off the property.  Under the standard for a Rule 29 motion, a rational trier of fact could find, beyond a reasonable doubt, that these actions constitute overt acts in furtherance of the carjacking conspiracy.

A rational trier of fact could infer that Defendant Busch knew the essential objective of the conspiracy, that is, to carjack a motorcycle from J.S., based on his stated desire to "punk" and "jack" J.S., according to Hedgecock's testimony.  Indeed, a rational factfinder could find that Defendant Busch masterminded, or instigated, the conspiracy.  Moreover, the rational trier of fact could find that Defendant Busch knowingly and voluntarily participated in the conspiracy based on his conduct, specifically that he got in Hedgecock's truck and went to J.S.'s residence with the group while armed with a firearm, that he took a motorcycle from J.S.'s carport, and that he ultimately removed the motorcycles from J.S.'s property.  Thus, the third and fourth elements are satisfied for purposes of Rule 29.

As for the fifth element, interdependence, a rational trier of fact could infer from Defendant Busch's conduct, described above; Barnes agreement to "roll with" Defendant Busch; and the testimony from Hedgecock that Barnes and Terrell ultimately assisted Defendant Busch in loading the motorcycle onto Hedgecock's truck that Defendant Busch, Barnes, Hedgecock, and Terrell intended to act together for their shared mutual benefit with respect to the conspiracy to carjack J.S. for a motorcycle.

Because a rational factfinder could find that the United States established each element of the conspiracy beyond a reasonable doubt, the Court denies Defendant Busch's Rule 29 motion as to Count 1.

### B.  *Count 2: Carjacking Resulting in Death*

Similarly, a rational trier of fact could find, beyond a reasonable doubt, that Defendant Busch committed a carjacking resulting in death, as charged in Count 2.  The Court determines that a rational trier of fact could so find.

It is undisputed that Defendant Busch selected and removed a Yamaha motorcycle from the carport next to J.S.'s residence and in fact removed that motorcycle from the premises. Indeed, Defendant Busch admitted that to police officers that he took the motorcycle from J.S.'s property.  Video evidence, and the reasonable inferences therefrom, show that Defendant Busch, Barnes, and Hedgecock drew their guns on J.S. when J.S. confronted them and while Defendant Busch was removing the motorcycle.  Hedgecock testified that Defendant Busch, with his gun drawn, told J.S. to "get back in the house, p****."  Drawing a gun on J.S. and the instruction to get back in the house could reasonably be considered intimidation used to remove the Yamaha motorcycle from J.S.'s presence.  This satisfies the first two elements.

The rational trier of fact could further find that Defendant Busch intended to cause death or serious bodily harm to J.S. because he brought a gun with him to J.S.'s property at nearly 1 o'clock in the morning, he texted Carlo that they would see "how stupid [he] could be," and his stated desire to "punk" to J.S.  This satisfies the fourth element.

As for the fifth element, Hedgecock testified that Barnes fired his gun at J.S.'s residence during the carjacking, and that no one else involved in the carjacking discharged his or her firearm.  Tristyn Carlo, the eyewitness, testified that J.S. died after shots were fired from

Hedgecock's vehicle toward the J.S. residence.  Crime Scene Investigator Clint Norris and

Medical Investigator Dr. Lauren Decker testified that J.S. died as a result of a gunshot wound.

Accordingly, a rational factfinder could determine that J.S. died as a result of the carjacking.

Ray Gutierrez, a person with knowledge of Yamaha's recordkeeping, testified that the

motorcycle at issue was manufactured in Japan and originally sold to a consumer in

Pennsylvania.  Therefore, the rational factfinder could find beyond a reasonable doubt that the

United States proved the interstate nexus required by the third element.

For these reasons, the rational factfinder could find, beyond a reasonable doubt, that

Defendant Busch is guilty of Count 2.  Accordingly, the Court denies Defendant Busch's Rule

29 motion as to Count 2.

   C.  *Count 4: Brandishing a Firearm During and in Relation to a Crime of
        Violence*

Count 4 charges Defendant Busch with brandishing a firearm during and in relation to a

crime of violence, a violation of 18 U.S.C. § 924(c)(1).  A defendant knowingly "brandishes" a

firearm when he displays all or part of the firearm, or otherwise makes the presence of the

firearm known to another person, in order to intimidate that person.  18 U.S.C. § 924(c)(4).

For the reasons described above, with respect to Count 2, the rational factfinder could

find that Defendant Busch committed the crime of Carjacking Resulting in Death.  The security

camera footage from J.S.'s residence shows that Defendant Busch drew his firearm and pointed

it at J.S.  The factfinder could find that Defendant Busch "used" the firearm because it was

readily accessible, in his waistband, and was actively employed during the carjacking when

Defendant Busch pointed the gun at J.S.  The rational factfinder could further find that the

firearm played an integral role in the carjacking by intimidating J.S. and facilitating the taking of

the motorcycle.  As to brandishing, the rational factfinder could find, based on the security video,

that Defendant Busch's act of pointing his gun at J.S. was intended to intimidate J.S. into going

back into the house, and constituted displaying the firearm to J.S. for that purpose.

For these reasons, a rational factfinder could find that the United States established each

element of Count 4 beyond a reasonable doubt.  Accordingly, Defendant Busch's Rule 29 motion

is denied as to Count 4.

### D.  *Count 7: Felon in Possession of a Firearm*

Count 7 charges Defendant Busch with a being a felon in possession of a firearm, in

violation of 18 U.S.C. § 922(g)(1).  To prove Defendant Busch guilty of this crime, the United

States must prove, beyond a reasonable doubt, that:

> *First*:         the defendant knowingly possessed a firearm or ammunition;
> *Second*:      the defendant was convicted of a felony, that is, a crime punishable
> by imprisonment for a term exceeding one year, before he possessed the firearm or
> ammunition;
> *Third*:        the defendant knew he was a felon; and
> *Fourth*:       before the defendant possessed the firearm or ammunition, the
> firearm or ammunition had moved at some time from one state to another or from
> a foreign country to the United States.

Tenth Circuit Crim. Pattern Jury Instr. 2.44.

Defendant Busch entered into an *Old Chief* stipulation, Government's Exhibit 611, that

he was previously convicted of a felony and knew that he was a felon.  This satisfies the second

and third elements.  Security video footage from May 28, 2019, shows Defendant Busch with a

what appears to be a gun tucked into the waistband of his pants and then shows him pointing the

firearm at J.S.  A rational factfinder could find, based on the video evidence, that Defendant

Busch possessed the firearm and could infer from his conduct that he did so knowingly.  ATF

Special Agent Russell Davis testified the firearms seized from Defendant Busch all traveled in

interstate commerce in order to get to New Mexico, and a rational factfinder could infer from

this testimony that the gun Defendant Busch had and displayed on May 28, 2019, traveled in interstate commerce before it came into Defendant Busch's possession that night.

For these reasons, a rational factfinder could find that the United States established each element of the felon in possession charge beyond a reasonable doubt, and could thus convict Defendant Busch on Count 7.  Therefore, Defendant Busch's Rule 29 motion is denied as to Count 7.

3.    *Defendant Tyson Lee Terrell*

Defendant Terrell is charged with one count of Conspiracy to Commit Carjacking in violation of 18 U.S.C. § 371 and one count of Carjacking Resulting in Death, aiding and abetting, in violation of 18 U.S.C. §§ 2119(3) and 2.  For the reasons explained herein, the Court denies Defendant Terrell's Rule 29 motion.

A.  *Count 1: Conspiracy to Commit Carjacking*

A rational factfinder could find Defendant Terrell guilty, beyond a reasonable doubt, of conspiracy to commit carjacking on the basis of Hedgecock's testimony that Busch came to Defendant Terrell's residence, where he was socializing with Hedgecock and Barnes, and Busch stated that he wanted to "punk" J.S. and "jack" his bike.  According to Hedgecock, Defendant Terrell offered to take Busch to J.S.'s residence in Defendant Terrell's work truck, to assist Busch and to "punk" J.S. and "jack" his bike.  Defendant Terrell ultimately got in Hedgecock's truck with Hedgecock, Barnes, and Busch, and the four of them went to J.S.'s residence.  Viewed in the light most favorable to the government, and drawing the reasonable inference from Terrell's offer to assist Busch in "punking" J.S. and "jacking" the bike, by driving Busch to J.S.'s residence and assisting with the bike, constituted an agreement with at least Busch to violate the law by carjacking J.S. for a motorcycle.

14

With respect to overt acts in furtherance of the conspiracy, it is undisputed that Defendant Terrell went with Barnes, Busch, and Hedgecock to J.S.'s residence.  Video evidence suggests, and the rational factfinder could infer, that Busch brought a firearm with him.  Video evidence also shows that Busch in fact selected a motorcycle, attempted to kickstart it, and walked the motorcycle off the property.  Finally, Hedgecock testified that Terrell ultimately assisted Busch in loading the motorcycle onto Hedgecock's truck.  Under the standard for a Rule 29 motion, a rational trier of fact could find, beyond a reasonable doubt, that these actions constitute overt acts in furtherance of the carjacking conspiracy.

A rational trier of fact could infer that Defendant Terrell knew the essential objective of the conspiracy, that is, to carjack a motorcycle from J.S., based on Busch's stated desire to "punk" and "jack" J.S., according to Hedgecock's testimony, and Defendant Terrell's offer to drive Busch to J.S.'s residence.  Moreover, the rational trier of fact could find that Defendant Terrell knowingly and voluntarily participated in the conspiracy based on his conduct, specifically that he got in Hedgecock's truck and went to J.S.'s residence with the group, that he attempted to take a second motorcycle from J.S.'s carport, and that he assisted Busch in loading the motorcycle onto Hedgecock's truck.  Thus, the third and fourth elements are satisfied for purposes of Rule 29.

As for the fifth element, interdependence, a rational trier of fact could infer from Defendant Terrell's conduct, described above; his offer to take Busch to J.S.'s residence to "punk" J.S. and "jack" the bike; Barnes agreement to "roll with" Defendant Busch; and the testimony from Hedgecock that Defendant Terrell ultimately assisted Busch in loading the motorcycle onto Hedgecock's truck that Defendant Terrell, Busch, Barnes, and Hedgecock

intended to act together for their shared mutual benefit with respect to the conspiracy to carjack J.S. for a motorcycle.

Because a rational factfinder could find that the United States established each element of the conspiracy beyond a reasonable doubt, the Court denies Defendant Terrell's Rule 29 motion as to Count 1.

B. *Count 2: Carjacking Resulting in Death*

Similarly, a rational trier of fact could find, beyond a reasonable doubt, that Defendant Busch committed a carjacking resulting in death, as charged in Count 2. The Court determines that a rational trier of fact could so find.

In order to resolve this motion, the Court considers whether a rational trier of fact could reasonably convict Defendant Terrell of Count 2, Aiding and Abetting. The Court determines that a rational trier of fact could so find.

For the reasons explained above, a rational trier of fact could find that Defendants Barnes and/or Busch committed the crime of carjacking resulting in death, and that Defendant Terrell intentionally associated himself with the crime and intentionally participated in it as he would in something he wished to bring above. To find this second element under the aiding and abetting theory, a rational trier of fact could infer from Defendant Terrell's offer to drive Busch to J.S.'s residence after hearing Busch's stated intention, based on Hedgecock's testimony, and his presence on the scene.

For these reasons, the rational factfinder could find, beyond a reasonable doubt, that Defendant Terrell is guilty of Count 2. Accordingly, the Court denies Defendant Terrell's Rule 29 motion as to Count 2.

Conclusion

The evidence described herein is not the only, or perhaps even the best, evidence from which a rational trier of fact could find the Defendants guilty, beyond a reasonable doubt, of each charged offense.  Instead, the reasoning articulated herein serves only to explain a possible path by which the United States has satisfied its burden to offer evidence at trial and has offered sufficient evidence to overcome the Defendants' Rule 29 motions.  The Defendants' Rule 29 motions are denied in their entirety, though without prejudice.

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE